1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   ROBERT HEIZELMAN,                        Case No.: 1:25-cv-00153-SKO

10              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS TO
                                             DEN APPLICATION TO PROCEED IN**
11       v.                                  **FORMA PAUPERIS**

12   JOE BIDEN, et al.,                      (Doc. 2)

13              Defendants.                  **14-DAY OBJECTION PERIOD**

14                                           Clerk of the Court to Assign District Judge

15

16       Plaintiff Robert Heizelman is proceeding pro se in this civil rights action pursuant to 42

17   U.S.C. section 1983.Plaintiff initiated this action by filing his complaint on February 6, 2025.

18   (Doc. 1.)  Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. 2.)

19       **I.      THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

20       28 U.S.C. section 1915 governs IFP proceedings. The statute provides that "[i]n no event

21   shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

22   occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

23   the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

24   a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

25   physical injury." 28 U.S.C. § 1915(g).

26       In determining whether a case counts as a "strike," "the reviewing court looks to the

27   dismissing court's action and the reasons underlying it…. This means that the procedural

28   mechanism or Rule by which the dismissal is accomplished, while informative, is not

1    dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

2    **II.    DISCUSSION**

3    The Court takes judicial notice[1] of prior lawsuits[2] filed by Plaintiff in the other federal

4    district courts:

5        1.    *Heizelman v. Biden*, No. 3:23-cv-01185-JES-AHG (S.D. Cal.) (dismissed for failure to

6            pay filing fee and as frivolous on July 11, 2023)

7        2.    *Heizelman v. Durham,* No. 3:10-cv-01560-BTM-WMC (S.D. Cal.) (dismissed as

8            frivolous on September 20, 2010)

9        3.    *Heizelman v. Richardson*, No. 1:09-cv-00182-BLW (D. Idaho) (order dismissing

10            complaint with leave to amend for failure to state a claim on October 16, 2009, and May

11            24, 2010, order dismissing action on same basis)

12        4.    *Heizelman v. Martin*, No. 1:07-cv-00288-EJL (D. Idaho) (order dismissing complaint with

13            leave to amend for failure to state a claim on December 11, 2007, and dismissing action

14            on March 19, 2009, because Plaintiff failed to cure deficiencies).

15    An action dismissed on the ground that it is frivolous, malicious, or fails to state a claim

16    upon which relief may be granted counts as a strike. 28 U.S.C. § 1915(g); *Moore v. Maricopa*

17    *Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Here, because Plaintiff has incurred at

18    least three prior "strikes," and each was dismissed prior to the commencement of the current

19    action on February 6, 2025, Plaintiff is subject to the section 1915(g) bar. He is also precluded

20    from proceeding IFP in this action unless, at the time he filed his complaint, he was under

21    imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53

22    (9th Cir. 2007).

23    **III.    DISCUSSION**

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Public Access To Courts Electronic Records (PACER) results returned dozens of actions filed by Plaintiff in United States District Courts. *See* http://pacer.uscourts.gov, last accessed 2/10/2025.

The Court has conducted a review of Plaintiff's pending complaint. He names the following as defendants: Joe Biden, TikTok Byte Dance, Deep State Feds, Jaime Harrison, Christopher Wray, Merrick Garland, and John Bolton. The complaint is 42-pages long and is a rambling narrative asserting vague and conclusory constitutional violations. In addition, the factual allegations refer to numerous federal agencies or actors and other private entities that are not expressly named as defendants in the action. With the exception of references to some events occurring in 2022 and 2023, the complaint lacks specificity. As best the Court can discern, Plaintiff contends that his mail is being interfered with; the defendants want to destroy his reputation; his telephone calls and access to the Internet are blocked; the defendants tried to kill him in 2022; the defendants have stolen his property and framed him for drug possession; the defendants harassed him for displaying a banner on his vehicle alleging Biden molested his daughter and they continue to harass him; the defendants got him kicked out of a gym; the defendants are spying on him; his state conviction involved deep state actors and other improprieties; the defendants are involved in a conspiracy against him because he wanted Trump to win; the defendants "manipulated the 290 registration records to make [him] seem like a lifetime person;" the defendants previously sought to give him a chemical lobotomy and have stolen his passwords; and he suspects people are watching him "24/7, hoping to shut [him] up" before his release.

Plaintiff's complaint does not allege an imminent danger of serious physical injury. *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("Vague and utterly conclusory assertions" of harm are insufficient). To the extent Plaintiff references prior attempts to kill him in 2022, the "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Andrews*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint"); *Miller v. McDaniel*, No. 6:21cv006, 2021 WL 388458, at *2 (E.D. Tex. Jan. 7,

2021) ("Miller fails to show that he is in imminent danger of serious physical injury. While he states that he is in imminent danger as a result of a previous alleged sexual assault, such claim concerns past harm. In other words, Miller's conclusory claim of imminent danger stems from past acts and his fear of future harm"); *Allen v. Villanueva*, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("conclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the time he filed his Complaint"); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), reconsideration denied, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020)).

Additionally, vague "verbal threats of physical harm to [] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury." *Cruz v. Pfeiffer*, No. 1:20-CV-01522-AWI-SAB (PC), 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021); *Ray v. Sullivan*, No. 1:20-cv-01699-NONE-HBK, 2021 WL 2229328, at *4 (E.D. Cal. June 2, 2021) (same); *see also Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception*); Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception). And interference with Plaintiff's mail, telephone calls, access to the Internet or sex offender registration status, do not present an imminent danger of serious physical injury.

The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no genuine emergency where time is pressing, and a threat is real and proximate.

In sum, this Court finds Plaintiff has suffered three or more strikes and was not under

imminent danger of serious physical injury when he filed his complaint in this action. Therefore, Plaintiff should be precluded from proceeding IFP in this action. *Andrews*, 493 F.3d at 1052-53.

## IV.    ORDER AND RECOMMENDATION

For the reasons set forth above, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

Further, the Court **RECOMMENDS** that:

1. Plaintiff's IFP application be denied (Doc. 2) and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and,

2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days to avoid dismissal of the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


IT IS SO ORDERED.

Dated: February 10, 2025                                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

5