1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11    ROBERT HEIZELMAN,                              Case No.: 1:25-cv-0153 JLT SKO

12              Plaintiff,                           ORDER ADOPTING FINDINGS AND
                                                     RECOMMENDATIONS, DENYING
13        v.                                         PLAINTIFF'S MOTION TO PROCEED IN
                                                     FORMA PAUPERIS, AND DIRECTING
14    JOE BIDEN, et al.,                             PLAINTIFF TO PAY THE FILING FEE IN
                                                     FULL WITHIN 30 DAYS
15              Defendants.
                                                     (Docs. 2, 8)
16

17          Robert Heizelman seeks to proceed *in forma pauperis* in this civil rights action pursuant to

18    42 U.S.C. section 1983, in which he asserts claims against several defendants including President

19    Joe Biden, the "Tik Tok Byte Dance," "Deep State Feds," Jamie Harrison, Merrick Garland,

20    Christopher Wray, and John Bolton.  (*See* Docs. 1, 2.)

21          The magistrate judge reviewed Plaintiff's litigation history and found he accrued three or

22    more strikes under 28 U.S.C. § 1915, identifying the following case dismissals:

23          1. *Heizelman v. Biden*, Case No. 3:23-cv-01185-JES-AHG (S.D. Cal.)
               (dismissed for failure to pay filing fee and as frivolous on July 11, 2023)
24
            2. *Heizelman v. Durham*, Case No. 3:10-cv-01560-BTM-WMC (S.D. Cal.)
25             (dismissed as frivolous on September 20, 2010)

26          3. *Heizelman v. Richardson*, Case No. 1:09-cv-00182-BLW (D. Idaho)
               (dismissed for failure to state a claim on May 24, 2010)
27
            4. *Heizelman v. Martin*, Case No. 1:07-cv-00288-EJL (D. Idaho) (order
28             dismissing complaint with leave to amend for failure to state a claim on

1          December 11, 2007, and dismissing action on March 19, 2009, because
           Plaintiff failed to cure deficiencies).

2

3    (*See* Doc. 8 at 2.)  In addition, the magistrate judge found "Plaintiff's complaint does not allege

4    an imminent danger of serious physical injury." (*Id.* at 3.)  To the extent Plaintiff referred to prior

5    attempts to kill him in 2022, the magistrate judge explained the allegations of past harm did not

6    support a conclusion that he was currently in imminent danger. (*Id.* citing, *e.g., Andrews v.*

7    *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).)  The magistrate judge determined Plaintiff did

8    not present a "genuine emergency where time is pressing, and a threat is real and proximate." (*Id.*

9    at 4.)  Therefore, the magistrate judge recommended the Court deny the application to proceed *in*

10   *forma pauperis*. (*Id.* at 5.)

11        Plaintiff filed objections to the Findings and Recommendations, with a motion to dismiss

12   biased and prejudiced "Deep State federal judges from all [his] cases." (Doc. 9 at 1.)  Plaintiff

13   contends the magistrate judge erred in finding his prior dismissals qualified as strikes under

14   Section 1915 because the magistrate judge did not "even read [his] past suits." (*Id.* at 12.)  For

15   example, Plaintiff asserts that in Case No. 3:10-cv-01560, he "was trying to help someone" and

16   the case was not "delusional." (*Id.* at 12.)  Plaintiff argues that his cases in Idaho were dismissed

17   because he "called the crooked federal court and they said [he] threatened them[] with that stupid

18   phone call … made out of anger." (*Id.* at 13.)  In addition, Plaintiff maintains he is in imminent

19   danger because the Deep Sate attempted to kill him in 2022. (*Id.* at 11, 14.)  Plaintiff also asserts

20   a belief that he is "in imminent serious danger as soon as [he] leave[s] SATF." (*Id.* at 8.)

21        As an initial matter, contrary to Plaintiff's assertions, this Court reviewed the filings in the

22   cases identified by the magistrate judge.  The Court has access to the official electronic filing

23   systems of the Southern District of California and the District of Idaho and reviewed the relevant

24   documents to determine whether the dismissals qualified as strikes under Section 1915.  There is

25   nothing in the record to support the assertion that the Idaho District Court dismissed Plaintiff's

26   civil actions following a threatening phone call.  Rather, the court dismissed the actions upon

27   finding Plaintiff failed to state a claim. (D. Idaho; Case No. 1:07-cv-0288, Docs. 5, 7 [finding

28   Plaintiff failed to state cognizable constitutional claims and dismissing the action after he failed to

2

1   cure the identified deficiencies with his amended complaint]; Case No. 1:09-cv-0182, Docs. 10,

2   14 at 1 [reviewing the filings and finding "Plaintiff still has not stated a cognizable claim against

3   an identifiable defendant or defendants"].)  Plaintiff fails to show these cases should not qualify

4   as strikes under Section 1915.

5          The Southern District of California also reviewed Plaintiff's complaints and found he

6   failed to state cognizable claims.  In *Heizelman v. Durham*, Case No. 3:10-cv-01560, the court

7   observed that Plaintiff attempted to state a claim on behalf of another individual, but found

8   Plaintiff was unable to do so because as a pro se litigant, he had "no authority to represent the

9   legal interest of any other party."  (S.D. Cal. Case No. 3:10-cv-01560, Doc. 14 at 2.)  Further, the

10  court found Plaintiff's claims lacked "an arguable basis either in law or fact," and dismissed the

11  action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.  (*Id.* at 3-4.)  In *Heizelman v.*

12  *Biden*, Case No. 3:23-cv-01185, the Southern District court screened the complaint upon filing

13  and dismissed the action upon finding Plaintiff attempted to state "facially implausible, fanciful,

14  and seemingly delusional claims" against President Biden and several unidentified federal agents.

15  (S.D. Cal. Case No. 3:23-cv-01185, Doc. 2 at 8.)  It is indisputable these dismissals qualify as

16  strikes under Section 1915.

17         Plaintiff fails to show he is in imminent danger of serious physical injury for the exception

18  to Section 1915(g) to apply.  Although Plaintiff asserts the Deep State twice attempted to kill him

19  in 2022, and as a result he fears for his safety after his release from custody, the Court is

20  precluded from relying upon allegations of past harm—or fears of future harm—to find

21  "imminent danger."  *See Andrews,* 493 F.3d at 1053 ("The exception's use of the present tense,

22  combined with its concern only with the initial act of 'bringing' the lawsuit, indicates to us that

23  the exception applies if the danger existed at the time the prisoner filed the complaint")

24  (modifications adopted); *see also Hernandez v. Williams,* 2021 WL 1317376, at *2 (S.D. Cal.

25  Apr. 8, 2021) (the exception to Section 1915(g) "cannot be triggered solely by complaints of past

26  injury or generalized fears of possible future harm").

27         Finally, it is unclear whether Plaintiff seeks reassignment of this case due to a perceived

28  bias and/or prejudice by the assigned judges, because Plaintiff does not identify which judges he

3

1  believes to be part of the "Deep State." (*See* Doc. 9 at 1.)  To the extent Plaintiff seeks removal

2  of judges from cases pending before other federal courts, this Court lacks authority to grant such

3  relief.  To the extent Plaintiff seeks removal of the judges assigned to *this* action, it appears the

4  assertion of bias is based upon the ruling of the magistrate judge given the very early stage of the

5  proceedings.  However, disagreements with the Court's rulings do not support either assertions of

6  bias or requests for disqualification of a judge, because assertions of bias must be predicated upon

7  an extrajudicial source.  *Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone

8  almost never constitute a valid basis for a bias or partiality motion," because "they cannot

9  possibly show reliance upon an extrajudicial source"); *see also Toth v. Trans World Airlines, Inc.*,

10  862 F.2d 1381, 1388 (9th Cir. 1988) ("conduct or rulings made during the course of the

11  proceeding" alone will not support a motion to disqualify).  Plaintiff's assertions of bias and

12  prejudice by this Court are without merit.

13  　　　　According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

14  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

15  are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

16  　　　　1.　　　The Findings and Recommendations issued February 11, 2025 (Doc. 8) are

17  　　　　　　　　**ADOPTED** in full.

18  　　　　2.　　　Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

19  　　　　3.　　　Plaintiff's request for case reassignment is **DENIED**.

20  　　　　4.　　　Plaintiff **SHALL** pay the full $405 filing fee for this action **within 30 days** of the

21  　　　　　　　　date of service of this order.

22  　　　　**Plaintiff is advised that failure to pay the required filing fee as ordered will result in**

23  　　　　**the dismissal of this action without prejudice.**

24

25  IT IS SO ORDERED.

26  　　Dated:　　**March 6, 2025**　　　　　　　　　_Jennifer L. Thurston_

　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

27

28

4