1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11   ROBERT HEIZELMAN,                    Case No.: 1:25-cv-00153 JLT SKO
12              Plaintiff,                ORDER DISMISSING ACTION WITHOUT
                                          PREJUDICE FOR PLAINTIFF'S FAILURE TO
13        v.                              PAY FILING FEE
14   JOE BIDEN, et al.,
15              Defendants.
16

17      The Court ordered Plaintiff to pay the filing fee after finding Plaintiff had accrued three or more "strikes" under 28 U.S.C. § 1915 and failed to show he was under imminent danger of serious physical injury. (Doc. 10.) Plaintiff was advised that failure to pay the required filing fee as ordered would result in dismissal of this action without prejudice. (*Id*. at 4.) Despite the passage of more than 30 days, Plaintiff has failed to pay the required $405 filing fee for this action.

      In finding dismissal is appropriate for the failure to pay the filing fee, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED** without prejudice.
2. The Clerk of the Court is directed terminate any pending motions and to close this case.

IT IS SO ORDERED.

Dated: **April 27, 2025**

_____
UNITED STATES DISTRICT JUDGE

2